```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

CHARLES E. HAMRICK and
WANDA HAMRICK

    Plaintiffs

v.                                            Civil Action No. 2:05-0286
                                                                  (Lead Case)

A & I COMPANY and
A. W. CHESTERTON COMPANY and
ALLISON TRANSMISSION DIVISION
OF GENERAL MOTORS and
BEECH AIRCRAFT COMPANY and
BOEING NORTH AMERICAN, INC. and
BURNS INTERNATIONAL SERVICES CORPORATION
f/k/a Borg-Warner Corporation and
COLUMBIA PAINT CORP.
d/b/a COLUMBIA PAINT TOWN and
COOPER INDUSTRIES, INC.
in its own right and as successor to
Crouse-Hinds Co. and the Cooper Bessemer
Corp., and as successor-in-interest to
McGraw-Edison Co., Wagner Electric Corp.,
Studebaker Worthington, Inc., Edison
International, Inc., Tung Sol Electric, Inc., etc. and
CURTISS-WRIGHT CORPORATION and
DANA CORPORATION,
in its own right and as successor to Smith & Kanzler,
Victor Manufacturing & Gasket Co. and
E.I. DU PONT DE NEMOURS & COMPANY and
FAMOUS FURNACE & SUPPLY CO.
a/k/a Famous Supply Company of Wheeling and
FLOWSERVE US, INC.
f/k/a Flowserve FSD Corporation
f/k/a Durametallic Corp. and
FOSTER WHEELER, L.L.C.
survivor to a merger with Foster Wheeler Corporation
f/k/a Foster Wheeler Corporation and
GARLOCK SEALING TECHNOLOGIES LLC
f/k/a Garlock, Inc.
GENERAL ELECTRIC COMPANY and
GENERAL MOTORS CORPORATION and
GOODRICH CORPORATION
and as successor-in-interest to
Goodrich-Gulf Chemical, Inc.
f/k/a BFGoodrich Company and

**THE GOODYEAR TIRE & RUBBER COMPANY** and
**HONEYWELL INTERNATIONAL, INC.**
in its own right and as successor-in-interest
to Allied Corporation, and as successor-in-interest to
Allied Chemical, and as successor-in-interest to
Bendix f/k/a AlliedSignal and
**INGERSOLL-RAND COMPANY** and
**LEARJET, INC.** and
**LOCKHEED MARTIN CORPORATION**
f/k/a Martin Marietta Corporation and
**MCDONNELL DOUGLAS CORPORATION** and
**METROPOLITAN LIFE INSURANCE COMPANY**
a/k/a Metropolitan Insurance Company and
**NORTHROP GRUMMAN CORPORATION** and
**OWENS-ILLINOIS, INC.** and
**PNEUMO ABEX CORPORATION**
successor-in-interest to Abex Corporation,
Friction Products Division and
**UNIROYAL, INC., a/k/a**
Uniroyal Goodrich Tire Company and
**VIACOM, INC.**
successor by merger to CBS Corp.
f/k/a Westinghouse Electric Corp. and
**VIMASCO CORPORATION**

    Defendants


**CHARLES E. HAMRICK** and
**WANDA HAMRICK**

    Plaintiffs

v.                                                              Civil Action No. 2:05-0287
                                                                  (Consolidated Case)

**A & I COMPANY** and
**A. W. CHESTERTON COMPANY** and
**ALLISON TRANSMISSION DIVISION**
**OF GENERAL MOTORS** and
**BEECH AIRCRAFT COMPANY** and
**BOEING NORTH AMERICAN, INC.** and
**BURNS INTERNATIONAL SERVICES CORPORATION**
f/k/a Borg-Warner Corporation and
**COLUMBIA PAINT CORP.**

2

d/b/a COLUMBIA PAINT TOWN and
COOPER INDUSTRIES, INC.
in its own right and as successor to
Crouse-Hinds Co. and the Cooper Bessemer
Corp., and as successor-in-interest to
McGraw-Edison Co., Wagner Electric Corp.,
Studebaker Worthington, Inc., Edison
International, Inc., Tung Sol Electric, Inc., etc. and
CURTISS-WRIGHT CORPORATION and
DANA CORPORATION,
in its own right and as successor to Smith & Kanzler,
Victor Manufacturing & Gasket Co. and
E.I. DU PONT DE NEMOURS & COMPANY and
FAMOUS FURNACE & SUPPLY CO.
a/k/a Famous Supply Company of Wheeling and
FLOWSERVE US, INC.
f/k/a Flowserve FSD Corporation
f/k/a Durametallic Corp. and
FOSTER WHEELER, L.L.C.
survivor to a merger with Foster Wheeler Corporation
f/k/a Foster Wheeler Corporation and
GARLOCK SEALING TECHNOLOGIES LLC
f/k/a Garlock, Inc.
GENERAL ELECTRIC COMPANY and
GENERAL MOTORS CORPORATION and
GOODRICH CORPORATION
and as successor-in-interest to
Goodrich-Gulf Chemical, Inc.
f/k/a BFGoodrich Company and
THE GOODYEAR TIRE & RUBBER COMPANY and
HONEYWELL INTERNATIONAL, INC.
in its own right and as successor-in-interest
to Allied Corporation, and as successor-in-interest to
Allied Chemical, and as successor-in-interest to
Bendix f/k/a AlliedSignal and
INGERSOLL-RAND COMPANY and
LEARJET, INC. and
LOCKHEED MARTIN CORPORATION
f/k/a Martin Marietta Corporation and
MCDONNELL DOUGLAS CORPORATION and
METROPOLITAN LIFE INSURANCE COMPANY
a/k/a Metropolitan Insurance Company and
NORTHROP GRUMMAN CORPORATION and
OWENS-ILLINOIS, INC. and
PNEUMO ABEX CORPORATION

successor-in-interest to Abex Corporation,
Friction Products Division and
UNIROYAL, INC., a/k/a
Uniroyal Goodrich Tire Company and
VIACOM, INC.
successor by merger to CBS Corp.
f/k/a Westinghouse Electric Corp. and
VIMASCO CORPORATION

    Defendants

## MEMORANDUM OPINION AND ORDER

    Pending is a motion to consolidate filed May 6, 2005, by defendant McDonnell Douglas Corporation ("McDonnell Douglas").

    On April 6, 2005, defendant Pratt & Whitney removed an action from the Circuit Court of Kanawha County.  The removed action was assigned case number 2:05-0286.  The same day, McDonnell Douglas removed the same action.  This second removed case was assigned case number 2:05-0287.

    The second removal appeared to be a nullity.  Accordingly, on May 4, 2005, the court entered a show cause order for any party to demonstrate why civil action 2:05-0287 should not be dismissed.  Defendant McDonnell Douglas responded to the show cause order with the pending motion to consolidate.  It asserts, <u>inter</u> <u>alia</u>, (1) the grounds for removal in each action are similar but not completely coextensive, and (2) the parties and the claims in both actions are identical.

The court, accordingly, examines whether the cases are properly consolidated pursuant to Rule 42(a), Federal Rules of Civil Procedure. Rule 42(a) provides as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals has accorded the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.") Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise. See Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the

5

>relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 193.

Although there are often risks of confusion and prejudice attendant to a consolidation, the potential for inconsistent adjudications is an overriding concern here. The plaintiffs (1) plead the same claims against the same defendants, (2) rely upon similar sources of proof, (3) allege a pattern of identical misconduct, and (4) face the same defenses. Under these circumstances, consolidation is certainly appropriate. Harris v. L & L Wings, Inc., 132 F.3d 978, 982 (4th Cir. 1997) ("These claims, brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet th[e] [Rule 42(a)] standard.").

The court is unaware of any significant burden consolidation might visit upon the parties, witnesses, or available judicial resources. Each of those entities and court resources, however, would certainly be impacted negatively by separate actions. The length of time required to resolve these actions separately also militates strongly in favor of consolidation, as does the fact consolidation will likely result

6

in economies of scale that will reduce the relative expense to all concerned.

Based upon the foregoing, the court ORDERS that the motion to consolidate be, and the same hereby is, granted. The court further ORDERS the above-styled civil actions consolidated. Civil action 2:05-0286 is designated as the lead case. All further filings shall be captioned and docketed using its style and case number.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: May 24, 2005

_____
John T. Copenhaver, Jr.
United States District Judge