```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**WANDA HAMRICK, in her capacity as**
**Executrix of the Estate of**
**Charles E. Hamrick, and**
**WANDA HAMRICK, individually,**

    Plaintiff

v.                                    Civil Action No. 2:05-0286
                                              (Lead Case)

**A & I COMPANY and**
**ALLISON TRANSMISSION DIVISION**
**OF GENERAL MOTORS and**
**BOEING NORTH AMERICAN, INC. and**
**BURNS INTERNATIONAL SERVICES CORPORATION**
**f/k/a Borg-Warner Corporation and**
**CURTISS-WRIGHT CORPORATION and**
**FAMOUS FURNACE & SUPPLY CO.**
**a/k/a Famous Supply Company of Wheeling and**
**FLOWSERVE US, INC.**
**f/k/a Flowserve FSD Corporation**
**f/k/a Durametallic Corp. and**
**GARLOCK SEALING TECHNOLOGIES LLC**
**f/k/a Garlock, Inc.**
**GENERAL ELECTRIC COMPANY and**
**GENERAL MOTORS CORPORATION and**
**GOODRICH CORPORATION**
**and as successor-in-interest to**
**Goodrich-Gulf Chemical, Inc.**
**f/k/a BFGoodrich Company and**
**THE GOODYEAR TIRE & RUBBER COMPANY and**
**HONEYWELL INTERNATIONAL, INC.**
**in its own right and as successor-in-interest**
**to Allied Corporation, and as successor-in-interest to**
**Allied Chemical, and as successor-in-interest to**
**Bendix f/k/a AlliedSignal and**
**INGERSOLL-RAND COMPANY and**
**LEARJET, INC. and**
**LOCKHEED MARTIN CORPORATION**
**f/k/a Martin Marietta Corporation and**
**MCDONNELL DOUGLAS CORPORATION and**
**METROPOLITAN LIFE INSURANCE COMPANY**
**a/k/a Metropolitan Insurance Company and**
**NORTHROP GRUMMAN CORPORATION and**
**OWENS-ILLINOIS, INC. and**

**PNEUMO ABEX CORPORATION
successor-in-interest to Abex Corporation,
Friction Products Division and
PRATT & WHITNEY and
RAYTHEON AIRCRAFT COMPANY and
UNIROYAL, INC., a/k/a
Uniroyal Goodrich Tire Company and
VIACOM, INC.
successor by merger to CBS Corp.
f/k/a Westinghouse Electric Corp. and
VIMASCO CORPORATION**

    **Defendants**


## MEMORANDUM OPINION AND ORDER


    **Pending is plaintiff's motion to remand, filed June 20, 2005.[1]**


                                         I.


    **On February 4, 2005, then-plaintiff Charles E. Hamrick, now deceased, and his wife, Wanda Hamrick, instituted a tort action in the Circuit Court of Kanawha County. On April 6, 2005, defendant Pratt & Whitney removed. Plaintiffs sought "damages**

---

[1]**Prior to a ruling on the remand motion, this action was transferred to the Eastern District of Pennsylvania by the Judicial Panel on Multidistrict Litigation. Following the October 9, 2008, conditional remand order by the United States District Court for the Eastern District of Pennsylvania, plaintiff was directed to advise the court by December 3, 2008, if her motion to remand remained in controversy or if it had been ruled upon by the transferee court. Plaintiff advised that the motion remained in controversy.**

2

for injuries sustained by . . . [them] as a result of [Mr. Hamrick's] . . . exposure to asbestos fibers" arising out of "[d]efendants' failure to warn of the dangers of asbestos exposure."  (Pl.'s Mot. to Remand ¶¶ 1, 2).  Plaintiffs contended that Mr. Hamrick developed mesothelioma as a result of the asbestos exposure.

Mrs. Hamrick alone now prosecutes this action, in both her individual capacity and as executrix of Mr. Hamrick's estate.  She does not challenge the following allegation in the notice of removal:

> In his March 7, 2005, deposition, . . . [Mr. Hamrick] testified that he was exposed to asbestos through work on aircraft operated and flown by the U.S. Air Force.  All of his exposure has taken place on United States Air Force bases.

(Not. of Remov. ¶ 4).  During his deposition, Mr. Hamrick identified the Air Force bases where he was stationed during his 21 years of military service from 1951 to 1972, and for 23 years thereafter until 1995 as a civilian employee still working on military aircraft.  He mentioned work at (1) Andrews Air Force Base in Maryland (1952 to 1956), (2) Edwards Air Force Base in California (1957 to 1961), and (3) Eglin Air Force Base in Florida (1961 to 1964 and 1967 to 1995).

3

II.

Pratt & Whitney contends removal is appropriate pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1442(a)(1). The basis for the allegation of federal question jurisdiction is Article I, Section 8 of the Constitution, providing that Congress is empowered

> [t]o exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings

U.S. Const. Art. I, Sec. 8, Cl. 17. This invocation of federal enclave jurisdiction is based upon the fact that Air Force bases within the United States qualify as enclaves over which federal courts may exercise subject matter jurisdiction in certain instances.

In <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247 (9th Cir. 2006), for example, Gerald Durham alleged that his lung cancer arose from exposure to asbestos during his 30-year service as an Air Force electronics technician. Judge Kozinski, writing for the panel, observed that "[f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal

4

enclaves.'" Id. at 1250; see 28 U.S.C. § 1331; see also Willis v. Craig, 555 F.2d 724, 726 n. 4 (9th Cir. 1977) (per curiam); Mater v. Holley, 200 F.2d 123, 125 (5th Cir. 1952).

Similarly, in Akin v. Ashland Chemical Co., 156 F.3d 1030 (10th Cir. 1998), Air Force employees instituted a toxic tort action against certain manufacturers in state court arising out of the employees' alleged chemical exposure at an Air Force base. The panel observed as follows:

> Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction. There is no dispute that Tinker Air force Base at Oklahoma City, Oklahoma is such a federal enclave.

Id. at 1034. The law of this Circuit is generally in accord. See, e.g., Stokes v. Adair, 265 F.2d 662, 665-66 (4th Cir. 1959) (federal district courts possess jurisdiction over nondiverse parties for personal injuries arising on a federal enclave).

Plaintiff does not dispute that the aforementioned Air Force bases qualify as federal enclaves. Instead, plaintiff challenges the exercise of federal enclave jurisdiction only on the following bases:

> Plaintiff-husband's deposition testimony . . . that he was exposed to asbestos dust on United States Air Force bases is the only basis identified by Pratt for its assertion that this action arose under federal law. . . . "Arise" is synonymous with "accrue". See

5

> Black's Law Dictionary, Seventh Edition.  It cannot be contested that a cause of action in tort does not accrue until there is an injury.  Nothing in the Complaint states that Mr. Hamrick's mesothelioma arose in a federal enclave, but it can be inferred from the Complaint that his mesothelioma arose where he lives, in the State of West Virginia.

(Pls.' Mot. to Remand ¶ 13).  Plaintiff then briefly suggests that the court "must engage in a choice of law analysis to determine whether Plaintiffs' claims arise under the laws of West Virginia . . . ."  (<u>Id.</u> ¶ 14).

       Plaintiff is incorrect.  The determination of subject matter jurisdiction is controlled by federal law.  Based upon the undisputed record, and the foregoing authorities, Mr. Hamrick's exposure to asbestos, and the failures to warn him concerning its deleterious effects, occurred, if at all, during his work while stationed or employed within federal enclaves.

       The court, accordingly, concludes that the exercise of subject matter jurisdiction is appropriate.  It is ORDERED that plaintiff's motion to remand be, and it hereby is, denied.

The Clerk is directed to transmit this memorandum opinion and order to counsel of record and to any unrepresented parties.

DATED: April 20, 2009

John T. Copenhaver, Jr.
United States District Judge